[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 07, 2005
THOMAS  K. KAHN
CLERK

_____

No. 03-15467

_____

Agency Docket No. 59 FLRA NO. 40

NATIONAL ASSOCIATION OF AIR TRAFFIC
SPECIALISTS,

Petitioner,
Cross-Respondent,

versus

FEDERAL LABOR RELATIONS AUTHORITY,

Respondent,
Cross-Petitioner.

_____

Petition for Review and Cross-Application
for Enforcement of the Decision of the
Federal Labor Relations Authority

_____

**(July 7, 2005)**

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

We initially issued an unpublished opinion in this case on December 14, 2004. See National Association of Air Traffic Specialists v. Federal Labor Relations Authority, No. 03-15467 (11th Cir. Dec. 14, 2005). The mandate in that case issued as well. The previous opinion inadvertently failed to expressly rule on the Federal Labor Relations Authority's ("Authority") cross-application for enforcement of its order. On June 21, 2005, the Authority filed a motion seeking a ruling on its cross-application. With this opinion, we recall the mandate and vacate our prior opinion.

We recognize some force in The National Association of Air Traffic Specialists' ("Union") argument that our previous opinion relied upon a procedural bar invoked by the Authority against the Union, and now the Union argues that the Authority is vulnerable to a different procedural bar. However, we conclude that the default at issue now is more attributable to the Court itself than to either party. Moreover, it should have been obvious to the Union that our failure in the previous opinion to grant the Authority's cross-application for enforcement was a mere inadvertence, and that enforceability was inevitable once the Union's appeal had been denied. Accordingly, we now re-issue our previous opinion, adding an express grant of the Authority's cross-application for enforcement. The opinion as re-issued is as follows.

The Union petitioned this Court for review of a decision by the Authority affirming the decision of the Administrative Law Judge who found an unfair labor practice on the part of the Union's Macon, Georgia, unit because their facility representative failed to poll a non-Union member with respect to the determination of the watch schedule for the next year.

The Authority declined to consider several exceptions or challenges which the Union asserted for the first time before the Authority. Among these was the Union's argument that, under its interpretation of the collective bargaining agreement, the Union was not entitled to unilaterally determine the watch schedule, because that was a matter to be jointly negotiated with the employer. As part of this argument, the Union argued to the Authority for the first time that, under Authority precedent, a union was not required to poll all members (and not required to poll non-union members) where the subject matter of the poll was merely advisory to determine the Union's negotiating position.

We can assume _arguendo_ that we would have discretion to disregard the Authority's invocation of the procedural bar if, for example, manifest injustice would result. Therefore, we explore whether manifest injustice would occur in this matter if we honor the procedural bar invoked by the Authority.

We note that the cease and desist order in this matter operates only against

3

the Union's actions with respect to its employees in the Macon Automated Flight Service Station in Macon, Georgia.[1]  The Authority conceded this at oral argument.  Accordingly, the reach of the instant order is exceedingly limited.  Similarly, the burden on the Union resulting from this order is very light.  Thus, we can assume <u>arguendo</u> that the order is based on flawed factual assumptions and/or erroneous legal principles, but we nevertheless cannot conclude that we should exercise discretion to override the Authority's invocation of the procedural bar in this matter.

Accordingly, the Union's Petition for Review is DENIED[2] and the Authority's Cross-Application for enforcement of its order is GRANTED.

---

[1]  The other facets of the order are similarly limited and even less burdensome.

[2]  The service issue was raised for the first time on appeal.  Accordingly, we do not consider it.